# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANTE BROWN, | ) |
|         Plaintiff, | ) Case No. 18-cv-5955 |
| v. | ) Judge Sharon Johnson Coleman |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
|         Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dante Brown filed a six-count second amended complaint against defendants Wexford Health Sources, the Estate of Dr. Saleh Obaisi, Dr. Richard Orensten, Dr. Jacqueline Mitchell, the Estate of Dr. Frederick Craig, Dr. Glenn R. Scheive, Joliet Oral Surgeons, and Boyer & Scheive alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Brown also alleges medical malpractice and vicarious liability pursuant to state law. Defendants bring several motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court grants in part and denies in part defendants' motions.

**Background**

Dante Brown is in the custody of the Illinois Department of Corrections ("IDOC") and confined at Stateville Correctional Center in Crest Hill, Illinois ("Stateville"). He was at Stateville on May 5, 2017 when he went to the facility's dental department complaining of severe pain in his mouth and saw Drs. Jacqueline Mitchell ("Dr. Mitchell") and Richard Orensten ("Dr. Orensten"). Drs. Mitchell and Orensten are dentists employed by defendant Wexford Health Sources ("Wexford"), a private contractor that provides healthcare to inmates incarcerated at Stateville. X-rays revealed a problem with Brown's tooth number 29. Drs. Mitchell and Orensten referred Brown to an outside oral surgeon to extract the tooth. On May 8, 2017, another Wexford dentist,

defendant Dr. Frederick Craig ("Dr. Craig"), evaluated Brown and determined the tooth could be extracted onsite, although there was no onsite surgeon who could perform the procedure.

On July 19, 2017, Brown's tooth was extracted at an offsite facility by outside specialist defendant Dr. Glenn R. Scheive ("Dr. Scheive") of Joliet Oral Surgeons and Boyer & Scheive, also named defendants in this case. During the more-than-two-month delay between being referred for outside oral surgery and undergoing the tooth extraction, Brown suffered severe pain. Over the course of three weeks, Brown sent both Drs. Mitchell and Orensten written requests for help and told them in person about his "excruciating pain" and difficulty eating. Nurses confirmed to Brown that his notes were delivered to Drs. Mitchell and Orensten. Neither dentist responded to Brown's written and oral requests.

Moreover, the July 2017 surgery left a bone in Brown's mouth exposed to cold, heat, and infection and made it difficult for him to eat. Brown received the soft foods diet he requested on or around August 10, 2017, nearly a month after he requested it and after the surgery. The soft foods meal plan ended after two weeks although his bone remained exposed until November 10, 2017.

Brown, who takes insulin to treat his diabetes, suffered an infection in the extraction site after the July 2017 surgery. He alleges that Dr. Scheive was negligent when he failed to review his medical records and consult with Stateville doctors to understand Brown's diabetic history, prevent diabetes-related complications, and treat his post-operative infection. Brown contends Dr. Scheive's employers Joliet Oral Surgeons and Boyer & Scheive are vicariously liable for this negligence.

Furthermore, Brown alleges that Drs. Mitchell and Orensten were deliberately indifferent to his serious medical needs because they knew from Brown's oral and written requests that he had not received the care they recommended—yet they did nothing about it. Brown contends that the late Dr. Saleh Obaisi, as Stateville's medical director, would have known about and discussed Brown's condition as part of a "collegial review," and did nothing to ensure Brown received the care he

2

needed.

Also, Brown alleges that Wexford has an "unwritten and ongoing policy" of underdiagnosing Stateville patients to save the company and its partners money on treatment costs. Brown explains this is what Dr. Craig did when he determined Brown's tooth could be extracted at Stateville, contradicting the recommendation of Drs. Mitchell and Orensten that Brown be sent offsite for surgery. Brown further asserts that Wexford and its dentists at Stateville were negligent in failing to provide him with post-operative care appropriate for a diabetic patient. Brown contends that as Drs. Mitchell, Orensten, Craig and Obaisi's employer, Wexford is vicariously liable for their negligence.

Brown suffered tooth pain, loss of sleep, unhealthy weight loss, and agony prolonged over six months from May 2017 when Dr. Mitchell referred him for offsite surgery through November 2017 when he was treated for complications.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (complaint's "[f]actual allegations must be enough to raise a right to relief above a speculative level"). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Deliberate Indifference Claims*

Brown brings his Eighth Amendment deliberate indifference claims against individual doctors Obaisi, Craig, Mitchell, Orensten, and Scheive, as well as deliberate indifference *Monell* claims against Wexford and Dr. Scheive's employers Joliet Oral Surgeons and Boyer & Scheive. Only Dr. Mitchell, Dr. Scheive, and Dr. Scheive's employers challenge Brown's deliberate indifference claim at this juncture. The Court addresses their arguments in turn.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Wilson v. Adams*, 901 F.3d 816, 820 (7th Cir. 2018) (quotation omitted). To state a deliberate indifference claim, a plaintiff must allege he suffered from an objectively serious medical condition and that the defendant was deliberately indifferent to that condition. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). An objectively serious medical condition is one where a physician has diagnosed the condition as needing treatment or the need for treatment is obvious to a layperson. *Lockett v. Bonson*, 937 F.3d 1016, 1022–23 (7th Cir. 2019). A prison official exhibits deliberate indifference when he, "having knowledge of a significant risk to inmate health or safety, administers 'blatantly inappropriate' medical treatment, acts in a manner contrary to the recommendation of specialists, or delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (internal citations omitted). Inexplicable delays in treatment, even if not life threatening, can be evidence of deliberate indifference. *See Petties*, 836 F.3d at 730; *Perez*, 792 F.3d at 777–78.

Defendants do not dispute that Brown suffered from an objectively serious medical condition. Turning to whether Brown has sufficiently alleged that Dr. Mitchell was deliberately indifferent to his serious medical needs, he asserts that she was aware of his medical condition

4

starting with his initial visit in May 2017 when he complained of mouth pain and later when he informed her of the prolonged pain resulting from the delay in treatment that she had ordered. Brown specifically alleges that for at least a three-week period, he complained to Dr. Mitchell both orally and in writing that he was in pain because the surgery she ordered had not been performed. Dr. Mitchell knew of the delay because Brown told her directly and also nurses confirmed to Brown that they passed along his notes to her. These allegations contain sufficient factual details raising a reasonable inference that Dr. Mitchell may be liable in relation to the delay in Brown's medical treatment. The Court therefore denies Dr. Mitchell's motion to dismiss in this respect.

On the other hand, Brown has failed to sufficiently allege that Dr. Scheive was deliberately indifferent to his serious medical condition. Stateville medical staff referred Brown to Dr. Scheive, who is an outside specialist. Dr. Scheive then extracted Brown's tooth in July 2019. There are no allegations that as an outside specialist, Dr. Scheive had control or authority over Brown's ongoing medical treatment. Put differently, there are no allegations that Dr. Scheive had personal involvement in the overall course of treatment Stateville Medical staff provided Brown. *See Johnson v. Rimmer*, 936 F.3d 695, 710 (7th Cir. 2019).

Brown further fails to allege sufficient factual details that as a private dentist, Dr. Scheive was a state actor as required to bring his Eighth Amendment claim. *See Rice ex rel. Rice v. Correctional Med. Servs.*, 675 F.3d 650, 672 (7th Cir. 2012) ("The Supreme Court has not yet addressed whether medical care provided to a prisoner in a private facility outside of the prison walls constitutes state action."). Brown must allege more than the conclusory assertion that Dr. Scheive "acted under color of state law."

In response, Brown argues that the Court already concluded he had sufficiently alleged his deliberate indifference claim against Dr. Scheive in the Court's initial screening of his original pro se complaint under 28 U.S.C. § 1915A. Not only are pro se litigants afforded a more liberal review of

5

their pleadings than counseled plaintiffs, but Dr. Scheive was not identified or named as a defendant to this lawsuit until the Second Amended Complaint. Brown's argument is thus misplaced, especially because the Second Amended Complaint now controls this lawsuit. The Court grants this aspect of Dr. Scheive's motion to dismiss.

Next, Brown contends that Dr. Scheive's employers Joliet Oral Surgeons and Boyer & Scheive were deliberately indifferent to his serious medical needs pursuant to their custom, policy, and/or practice of encouraging their staff to make bogus evaluations of prisoners at Stateville that deprived the prisoners of proper treatment in order to save money. As with Dr. Scheive, Joliet Oral Surgeons and Boyer & Scheive have no authority or control over the medical evaluations that Stateville staff conducted. Instead, as Brown alleges, these entities are private businesses that practice dentistry in Illinois. Moreover, there are insufficient factual allegations that these businesses were acting under color of state law as required to bring a constitutional claim in the first instance. Without more, Brown's allegations against Joliet Oral Surgeons and Boyer & Scheive are untenable.

*Medical Malpractice Claims*

Brown also brings common law medical malpractice claims against all of the named defendants. In their motions to dismiss, defendants argue that Brown's medical reports/certificates required by 735 ILCS 5/2-622 are inadequate, and therefore, the Court must dismiss Brown's medical malpractice claims. To explain, Illinois law requires plaintiffs seeking medical malpractice damages to attach written reports from health care professionals to their complaints. *Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014); *Schroeder v. Northwest Cmty. Hosp.*, 862 N.E.2d 1011, 1021, 308 Ill.Dec. 808, 818, 371 Ill.App.3d 584, 595 (1st Dist. 2006). In *Hahn*, the Seventh Circuit held that the requirement under § 5/2-622 applies to medical malpractice cases in federal court because it is a substantive condition of liability under the *Erie* doctrine. *Id.* at 632-33. With *Hahn* in mind, the Seventh Circuit recently clarified whether a federal lawsuit can be dismissed based on the failure to

6

comply with § 5/2-622. *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019). The *Young* decision discussed the timing of a litigant's compliance with § 5/2-622 and concluded that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622." *Id.* ("Section 5/2-622 applies in federal court to the extent that it is a rule of *substance*; but to the extent that it is a rule of *procedure* it gives way to Rule 8 and other doctrines that determine how litigation proceeds in a federal tribunal.") (emphasis in original). In reaching this conclusion, the *Young* panel reasoned that many prisoners may have difficulty obtaining a physician's report before filing a complaint and that § 5/2-622 itself allows for delay in filing the affidavit. *Id.* The court thus recommended that the best course of action for federal defendants in medical malpractice claims is to file summary judgment motions for quick resolution regarding any inadequacies in § 5/2-622 affidavits. *Id.* That said, because the defendants have already briefed this issue in the context of the present motions to dismiss, the Court will address their arguments that the attached § 5/2-622 reports are inadequate.

"Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success." *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). A § 5/2-622 report meets the statute's requirements as long as it is "sufficiently broad to cover each defendant, adequately discusses deficiencies in the medical care given by defendants, and establishes that a reasonable and meritorious cause exists for filing the action." *Id.* (citation omitted). With respect to dentists, § 5/2-622 requires that the written report be from a health care professional in the same profession. *See Horlacher v. Cohen*, 96 N.E.3d 438, 451, 420 Ill.Dec. 353, 366, 2017 IL App (1st) 162712, ¶ 60 (1st Dist. 2017). Otherwise, a § 5/2-622 report from a physician licensed to practice medicine in all of its branches is sufficient. *Cutler v. Northwest Suburban Cmty. Hosp., Inc.*, 939 N.E.2d 1032, 1042, 345 Ill.Dec. 852, 862, 405 Ill.App.3d 1052, 1064 (2d Dist. 2010).

7

In their motions to dismiss, defendants argue that the attached § 5/2-622 reports—which are virtually identical—are impermissibly vague. These reports, proffered by a dentist, highlight that the defendant dentists' treatment of Brown was below the standard of care because they failed to: (1) render reasonable and timely treatment of Brown's tooth #29; (2) prescribe the appropriate medications to prevent complications, keeping in mind Brown's diabetes; and (3) monitor Brown before and after his tooth was extracted. Construing the attached § 5/2-622 reports liberally, they are sufficiently specific as to Drs. Craig, Mitchell, Orensten, and Scheive. Although these defendants seek more detail, the reports adequately discuss the deficiencies in the medical care provided by these dentists and establish that a cause of action exists under the circumstances.[1] It is well-settled in Illinois that the "technical requirements of this statute should not interfere with the spirit or purpose of the statute [because] the absence of strict technical compliance with the statute is one of form only and not of substance. The technical requirements of the statute should not be mechanically applied to deprive the plaintiff of her substantive rights." *Comfort v. Wheaton Family Practice*, 594 N.E.2d 381, 384, 171 Ill.Dec. 529, 532, 229 Ill.App.3d 828, 832 (2d Dist. 1992).

As to Wexford, Joliet Oral Surgeons, and Boyer and Scheive, Brown seeks to hold them vicariously liable for their agent's conduct. Therefore, he was not required to file a physician's report for these defendants because he filed reports as to the individuals whose conduct forms the basis of the alleged vicarious liability. *Schroeder v. Northwest Cmty. Hosp.*, 862 N.E.2d 1011, 1021, 308 Ill.Dec. 808, 818, 371 Ill.App.3d 584, 595 (1st Dist. 2006).

That leaves the § 5/2-622 report concerning Dr. Obaisi, who is a medical doctor and not a dentist. In the relevant report and attached affidavit there is no indication that the dentist who

---

[1] In their reply brief, the Scheive defendants also argue that the reports lack information on the health care provider's educational background, training, or experience as required under § 5/2-622(a)(1)(i-iii). Because the attorney affidavits accompanying the § 5/2-622 reports properly state these requirements, this argument is without merit. The Court reminds the parties that arguments made for the first time in reply briefs are waived. *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019).

8

provided the report has sufficient knowledge, experience, or expertise to opine on the standard of care for medical doctors under the circumstances. With *Young* in mind, instead of dismissing the medical malpractice claim against the Estate of Dr. Obaisi, the Court grants Brown leave to file an amended § 5/2-622 report supporting Dr. Obaisi's alleged negligence. *Sherrod*, 223 F.3d at 614 ("It follows that when the certificate was filed but failed in some technical or minor respect, sound discretion also requires an opportunity to amend.").

Last, in her motion to dismiss, Dr. Mitchell challenges Brown's negligence allegations under the federal pleading standards. Under Illinois law, a plaintiff alleging medical malpractice must state that a physician's negligent failure to comply with the appropriate standard of care proximately caused his injury. *Miranda v. County of Lake*, 900 F.3d 335, 348 (7th Cir. 2018). Construing Brown's allegations as true and all reasonable inferences in his favor, he has adequately alleged a medical malpractice claim against Dr. Mitchell. He specifically alleges that Dr. Mitchell had the duty to use the skill and care ordinarily used by reasonably qualified dental providers when treating him, that she failed to render treatment in a timely manner, failed to prescribe appropriate medications necessary to prevent complications due to his dental issues, and failed to monitor his situation. He further alleges that these negligent acts were the direct and proximate cause of his injuries. Because the allegations "give enough details about the subject matter of the case to present a story that holds together," *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (citation omitted), the Court denies Dr. Mitchell's motion to dismiss Brown's medical malpractice claim against her.

**Conclusion**

Based on the foregoing, the Court denies Dr. Mitchell's motion to dismiss in its entirety. [49]. The Court denies Wexford's motion to dismiss and grants Brown leave to file an amended § 5/2-622 report as to Dr. Obaisi by no later than February 10, 2020. [51]. The Court grants in part and denies in part Dr. Scheive's and his employers' motion to dismiss, dismissing the Eighth

9

Amendment deliberate indifference claims against these defendants. [58]. The Court denies the Estate of Dr. Fredrick Craig's motion in its entirety. [81].

IT IS SO ORDERED.

Date: 1/22/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge