IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANTE BROWN, | ) | |
| | ) | Case No. 18-cv-05955 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF DANTE BROWN'S LOCAL RULE 56.1(a) ADDITIONAL STATEMENT OF MATERIAL FACTS WITH RESPECT TO DEFENDANT MITCHELL**

NOW COMES Plaintiff, Dante Brown's Local Rule 56.1(a) Additional Statement of Material Facts with Respect to Defendant Mitchell.

**Undisputed Material Facts**

1. Dr. Mitchell was aware of Mr. Brown's pain as early as May 5, 2015. (Dkt. 210-1, at 37:23–24, 38:4–5; Dkt. 210-3, at Brown 000230.) Mr. Brown put in requests to see Dr. Mitchell two or three weeks after May 5, 2017. (Dkt. 210-1, at 96:6–9, 18.) Mr. Brown told her he was in pain and "hurting real bad." (*Id*. at 99:5–7, 15.) Mr. Brown asked a nurse to inform the doctor (i.e., Dr. Mitchell) that he was in pain, and she told him she would do so. (*Id*. at 102:3–7.) Three to four days after Mr. Brown asked a nurse to inform Dr. Mitchell that he was in pain, Mr. Brown spoke to a tech named Bobby, who told Mr. Brown he would let Dr. Mitchell know that Mr. Brown was in pain. (*Id.* at 102:17–103:5.)

2. Mr. Brown also submitted at least three requests to Dr. Mitchell. (*Id.* at 109:9–14). One request stated, "I need to see the dentist. I need some help. I'm in pain." (*Id*. at 104:13–14). Mr. Brown believed his written requests went to Dr. Mitchell because he saw someone write "dental" on the request. (*Id*. at 110:15–22).  In another instance, he believed the nurse left a written record of his pain because the nurse said: "I left a message. I told them what you said." (*Id*. at 119:17–18). The nurse also told Mr. Brown that she had left a message for Dr. Mitchell. (*Id*. at 119:22–120:9.)

3. Dr. Mitchell put together the clinic schedules or 'okayed' the schedules for the prisoners coming up for services. (Dkt. 210-9, at p. 15.) Dr. Mitchell had a supervisory position over Dr. Craig. (*Id.*) Dr. Mitchell knew the process for scheduling Dr. Craig's patients. (*Id.* at 16.) Dr. Mitchell could not recall when Dr. Craig would be at Stateville to provide services in June or July of 2017. (*Id.*)

      4.      Dr. Mitchell's inactions contributed to Mr. Brown's gratuitous pain. (Dkt. 210-9, at 17.)

      5.      Mr. Brown was in continual pain from at least May 5, 2017, through the date of his tooth #29 extraction on July 18, 2017. (Dkt. 210-9, at 7.) Mr. Brown testified that he repeatedly told the nurses and technicians that he was in pain. (Dkt. 210-1, at 101–19.)

      6.      When a prisoner needs an appointment scheduled, his dentist must play a role in ensuring the appointment is scheduled because prisoners cannot schedule appointments themselves. (Dkt. 210-7, at 215:14–216:1.)

Dated: November 21, 2022

                                                      Respectfully Submitted,

                                                      Dante Brown

                        By:   /s/ *Mark J. Silberman*
                              One of his attorneys

                              Benesch Friedlander Coplan and Aronoff
                              71 S. Wacker Drive, Suite 1600
                              Chicago, Illinois 60606
                              Tel: (312) 212-4949
                              Email: MSilberman@beneschlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2022 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

By: /s/ *Mark J. Silberman*